Robinson, J.
Voluminous briefs, and citations of authorities pro and con, have been filed in this case. It seems to us, however, that a statement of the case, which we have attempted to make at length, is decisive of the rights of the parties hereto.
The petition sets out that “on May 1,1909, plaintiff and defendant entered into an agreement by which the plaintiff granted to the defendant the exclusive right of forwarding express matter to and from points on plaintiff’s interurban railroad lines, subject to the terms and conditions in said agreement set forth; that by its terms such agreement was to continue in force for a period of ten years, ending May 31, 1919; and that the same is now in full force and effect and plaintiff has performed all of the conditions imposed upon it by said agreement.” It quotes Section XVIII of that agreement as follows: “XVIII. In addition to the other amounts to be paid by the Express Company to the Traction Company under this contract, the Express Company shall also pay to the Traction Company the sum of one hundred thousand dollars ($100,000), payable as follows: fifty thousand dollars ($50,000) in cash, contemporaneously with the execution of this agreement, and fifty thousand dollars ($50,000) in five annual installments of ten thousand ($10,000) dollars each, to be paid on the first day of June of each year, beginning with the first day of June, 1914.” It avers “that an install *341 ment of ten thousand ($10,000) dollars became due and owing from defendant to plaintiff on June 1, 1914,” and then prays judgment for that sum “with interest thereon from June 1,1914.”
It was, therefore, a suit upon a contract in full force and effect for an installment of the initial consideration specifically provided for in the contract, due and unpaid. The summons issued was endorsed “Action for money only, amount claimed $10,000 and interest thereon from June 1,1914.”
The answer filed to that petition sought to reduce the amount of the installment of $10,000 provided for in the contract upon the theory that the $10,000 due on June 1, 1914, was in part payment for the services of the railway company under the contract for the year beginning June 1, 1914, and that, therefore, it ought not to recover thereon but for such proportion of $10,000 as that portion of the year between June 1 and June 30 bore to the whole year. The answer denied that the railway company had complied with the provisions of the contract, set up certain violations thereof, by reason of which business was diverted from defendant, sought an accounting, and prayed that the amount so found by the accounting be treated as a counterclaim.
The issues thus made were as to the merits of the claim of the railway company to recover the sum of $10,000, due by the terms of the contract, the merits of the counterclaim of the express company for damages for a breach of the contract by the railway company in respect to rates on business designated as “Merchants Despatch” and the carrying of parcels post mail, and the right of the express company to terminate the contract as affecting the claim of the railway company to the $10,000.
*342 On. February 4, 1915, tbe railway company filed a pleading, designated “Amendment to Petition,” in which it averred the contract and the breach thereof on June 30, 1914, by the express company; and averred damage and prayed judgment for $300,000.
On March 23, 1915, the express company filed the following motion: “Now comes the defendant, appearing for the purposes of this motion only, and moves the court to strike from the files of this cause the paper heretofore filed herein and designated as an amendment to the petition herein.”
On June 13,1916, the above motion was sustained, but the journal entry sustaining it contained a provision as to the filing of another pleading, also designated “Amendment to Petition,” as follows: “And the plaintiff having tendered to the court an amendment to its petition and made application to file the same, said matter was argued by counsel; and the court having fully considered the matter does find said application well taken and sustains the same.
“It is therefore ordered that said application be granted and said amendment to petition be filed in this cause and the same is this day filed and defendant is granted 30 days within which to plead thereto; to all of which the defendant excepts.”
The entry does not imply an application on the part of the express company for leave to plead.
The “Amendment to Petition” filed June 13,1916, was like the amendment of February 4, 1915, except that instead of alleging the breach to have occurred on the 30th day of June, 1914, it alleged that “on May 28, 1914, the defendant, having determined to go out of the express business and to liquidate its *343 affairs, wholly without right, gave notice to plaintiff in writing that after June 30, 1914, it would refuse to be longer bound by its terms and would discontinue entirely the operation of said express business over plaintiff’s lines; that plaintiff protesting against said repudiation of said contract notified defendant prior to June 25 that plaintiff would hold defendant liable for said breach of said contract ” It contained the following prayer: “Wherefore, plaintiff prays judgment against the defendant for its damages in the sum of $300,000.00 and for its costs.”
Between the day of the filing of the petition and the filing of the “Amendment to Petition,” February 4, 1915, the express company had withdrawn from the state of Ohio, and at the time of trial had not returned thereto, and had terminated the contract, either in pursuance of its terms or by breach, and a different and new cause of action had been created by the termination of the contract. By the “Amendment to, Petition” of February 4, 1915, a cause of action was stated for a breach which it was averred occurred five days subsequent to the filing of the original petition, and by the “Amendment to Petition” filed June 13, 1916, it was averred in substance that on May 28,1914, the cause of action arose by reason of the notice of the express company of that date that “after June 30, 1914, it would refuse to be longer bound by its terms and would discontinue entirely the operation of said express business over plaintiff’s lines.”
By this “Amendment to Petition” it was sought to bring a different and new cause of action other t.bfi-n the one averred in the original petition into *344 the case, upon which a summons had been served upon the express company and jurisdiction over the person of the express company obtained, no service upon the express company having been obtained upon the “Amendment to Petition” filed February 4, 1915, nor upon “Amendment to Petition” filed June 13, 1916.
Without passing upon the question whether the “Amendment to Petition” filed June 13, 1916, was effective to state a cause of action antedating the filing of the original petition, or determining when the cause of action averred in the “Amendment to Petition” of June 13, 1916, under the circumstances ,of this case, arose, it nevertheless was an action for damages for a breach of the contract, anticipatory or actual, as distinguished from the original cause of action for the recovery of an installment due upon a contract “in full force and effect,” and substantially changed the claim of the railway company. It was in fact the filing of a new suit, based upon a different and inconsistent ground, under the title and case number of the original suit, and the granting of leave to file same against a defendant upon whom service could not he had was substantial error.
In the answer to the “Amendment to Petition” the express company adopted all and singular the averments of its original answer filed in this cause, which answer contained averments that the railway company had violated the contract in reference to rate on “Merchants Despatch” business, and violated the contract in that it had since January 1, 3913, carried parcels post mail express matter, by reason of which the express company had been deprived of a large amount of earnings which it other *345 wise would have made, and had suffered loss and damage, all of which would be not only a proper basis for recovery as against the cause of action set up in the original petition of the railway company, but also a proper counterclaim for recovery against the cause of action set up in the “Amendment to Petition” filed June 13, 1916. No prayer for such relief, however, was contained in the answer to the “Amendment to Petition.”
An answer to a petition filed before the filing of an amendment to such petition is not an answer to such amendment to the petition, and only becomes so when adopted as such. The language of the adoption by the express company is “it adopts as a part hereof, as if the same were herein set out at length, all and singular the averments of its original answer filed in this cause.”
Where the jurisdiction of the person is dependent upon the language of a pleading, the pleading will be construed strictly, and its scope will not be extended beyond its clear expression.
There was no adoption of the prayer for affirmative relief of the original answer, and the answer to the “Amendment to Petition” containing no prayer, it, including the adoption from the original answer, was defensive only and did not invoke the jurisdiction of the court over the person of the pleader.
A defendant having made timely objection to the jurisdiction of the court, upon the overruling of such objection is not bound to rely upon his exception thereto at his peril, but may make full defense without waiving such objection.
The “Amendment to Petition,” having averred an additional and a different cause of action from that *346 averred in the original petition, required service of summons, waiver of service, or an entry of appearance, before the court acquired jurisdiction of the person of the express company. No such service, waiver or entry of appearance having been had, the court was without jurisdiction to enter judgment thereon.
The judgment of the court of appeals will be affirmed.

Judgment affirmed.

Johnson, Hough and Matthias, JJ., concur.